# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LUIS ANGEL SOTO,<br><br>   *Defendant.* | CRIMINAL ACTION NO.<br>3:25-cr-00001-TES-CHW-1 |

## ORDER GRANTING CONSENT
## MOTION TO CONTINUE TRIAL

Before the Court is the United States' Consent Motion for Continuance [Doc. 62]. The pretrial conference was scheduled to be held on November 10, 2025, and Defendant Luis Angel Soto does not oppose another continuance. [*Id.*]. For the reasons set forth below, the Court finds that the pretrial conference should be continued pursuant to 18 U.S.C. § 3161(h).

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). In granting such a continuance, the Court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv).

On January 14, 2025, the Government obtained an indictment charging Defendant with Conspiracy to Possess with Intent to Distribute Controlled Substances[1] and Unlawful Use of a Communication Facility.[2] [Doc. 22]. Defendant entered a plea of not guilty. [Doc. 28]. Defendant Soto is also under indictment for Hobbs Act Conspiracy in a separate case, 3:25-CR-15-TES.[3] In its Motion, the Government requests another continuance in order to "allow the parties to negotiate a potential global resolution in both cases, which cannot be accomplished by November 10, 2025." [Doc. 62, p. 2].

Considering this, failure to grant another continuance in this case would deny the Government "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). So as to avoid a

---

[1] In violation of 21 U.S.C. § 846, in connection with § 841(a)(1), (b)(1)(A)(viii) and (b)(1)(B)(vi).
[2] In violation of 21 U.S.C. § 843(b), (d)(1).
[3] In violation of Title 18, U.S.C. § 1951(a).

2

miscarriage of justice, the Court **GRANTS** the United States' Unopposed Motion to Continue Trial. [Doc. 62]. The Court **CONTINUES** this case to February 23, 2026. The pretrial conference will be held on January 12, 2026. The ends of justice served by this continuance outweigh the best interests of the public and Defendant in a speedy trial and are in accordance with the considerations required under 18 U.S.C. § 3161(h)(7)(A) for excusable delay.

  **SO ORDERED**, this 4th day of November, 2025.

          S/ Tilman E. Self, III
          **TILMAN E. SELF, III, JUDGE**
          **UNITED STATES DISTRICT COURT**